UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
96-CR-64 (JMR/FLN)
00-CV-2388 (JMR/FLN)

United States of America )
)
v. ) ORDER
)
Christopher Dean Williams )

Defendant seeks relief under 28 U.S.C. § 2255, alleging that in his trial and sentencing hearing the government failed to prove to the jury the quantity of illegal drugs ascribed to him, in violation of the rule announced in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); that defense counsel was ineffective in failing to object to a sentencing enhancement for crack cocaine; and that the Court incorrectly calculated the amount of drugs attributable to him. Defendant asserts that his case is "on all fours" with a recent case from this district, United States v. Raffles, 2000 WL 1140782 (D. Minn. Aug. 7, 2000). He is largely correct; unfortunately, the rules enunciated in Raffles do not afford defendant any relief here.

In Raffles, the defendant argued that, absent a jury finding on the type or quantity of drugs involved, he should have been sentenced under 21 U.S.C. § 841(b)(1)(C) -- the "catch-all" penalty provision for drug crimes -- rather than 21 U.S.C. § 841(b)(1)(A) -- the statutory section specifically dealing with crack cocaine. Id. at *2. After finding the defendant's argument correct under

FILED MAR 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

Apprendi, the court reduced his sentence from 300 months to 240 months, the maximum allowable under § 841(b)(1)(C). Id. at *5.

Here, defendant was sentenced within the guideline range to 168 months. Because his sentence does not exceed the statutory maximum under the "catch-all" penalty provision, it does not implicate Apprendi. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000).

Nor is Raffles' holding favorable to defendant on the ineffective assistance of counsel claim, which requires a showing that counsel's performance was so deficient it prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668 (1984). As in Raffles, defendant here fails on his claim of ineffective assistance of counsel because he cannot show any prejudice stemming from his attorney's performance. Counsel made a strategic decision at trial to stipulate that the drug seized was crack cocaine.

Defendant does not suggest the government could not have brought in a chemist to testify the substance was crack cocaine. Nor does he suggest the voluble testimony of co-defendants -- that the substance being distributed by defendant was crack cocaine -- was false or erroneous in any way. Under those circumstances, the Court finds that no prejudice attached to defendant from counsel's choice not to contest the nature of the drugs in this case.

Finally, defendant's argument that the Court incorrectly calculated the quantity of drugs attributable to him is

procedurally barred and factually unsupported. As an initial matter, defendant failed to raise the issue on appeal. See U.S. v. Williams, 1999 WL 972157 (8th Cir. Oct. 22, 1999). A petition under § 2255 cannot substitute for a direct appeal. See United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993). Having failed to raise the issue on appeal, defendant is barred from doing so here.

An exception to the general rule barring waived claims exists if the defendant can show both cause and actual prejudice. See United States v. Frady, 456 U.S. 152, 168 (1982). Although his pleadings are somewhat opaque, defendant appears to allege that ineffective assistance of appellate counsel caused his failure to challenge the quantity determination on direct appeal. Even assuming, arguendo, that he has demonstrated cause, defendant cannot show actual prejudice. The Court determined the drug quantity attributable to defendant based on extensive trial testimony regarding his participation in the drug trafficking conspiracy, and defendant has presented no information to cast that evidence in doubt.

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)).

Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendant's motion for relief under 28 U.S.C. 2255 [Docket No. 573] is denied.

2. No Certificate of Appealability will be issued in this matter.

Dated: March 6, 2001

JAMES M. ROSENBAUM
United States District Judge